J. S31037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :     IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
             Appellee          :
                                     :
                v.                :
                                     :
                                     :
MICHAEL SEABURY,            :
                                     :
            Appellant        :       No. 1734 MDA 2015

Appeal from Order Entered September 16, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002212-2000

BEFORE: SHOGAN, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:           **FILED JUNE 07, 2016**

Michael Seabury (Appellant) appeals *pro se* from the September 16, 2015 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The trial court set forth the relevant factual background of this case as follows.

> On February 3, 1999, [Appellant] was charged with [c]riminal [h]omicide and [c]riminal [c]onspiracy to commit [c]rimnal [h]omicide for the shooting death of Kirkland Hardy on January 18, 1999. On November 15, 2000, following a jury trial, [Appellant] was convicted on all charges. On January 11, 2001, the trial court sentenced [Appellant] to a term of life imprisonment without parole on the homicide charge and a concurrent ten to twenty year sentence on the conspiracy charge. On August 29, 2001, [this Court] affirmed [Appellant's] judgment of sentence. [Appellant] did not file a petition for allowance of appeal with our Supreme Court.

*Retired Senior Judge assigned to the Superior Court.

On April 22, 2015, [Appellant] filed a *pro se* PCRA petition, approximately fourteen and one-half years after his judgment of sentence became final. [The trial court] appointed counsel for [Appellant] and granted an extension of time to file an amended petition. On June 29, 2015, appointed counsel filed a **Turner/Finley** letter in lieu of an amended petition. Counsel concluded that [Appellant] did not have a meritorious claim for PCRA relief and sought the Court's permission to withdraw from the matter.

Trial Court's Rule 907 Notice (907 Notice), 8/24/2015, at 1-2 (footnote removed).

On August 24, 2015, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907 and permitted Appellant's counsel to withdraw. On August 28, 2015, Appellant sent correspondence to the clerk of courts requesting a copy of his trial and sentencing transcripts.[1] **See** Appellant's Brief at 5. By order dated September 16, 2015, the PCRA court dismissed the petition without a hearing.

On October 5, 2015, Appellant timely filed a notice of appeal and complied with the PCRA court's order to file a concise statement pursuant to Pa.R.A.P. 1925.

Appellant states the following issues for this Court's consideration:

[Did] the learned PCRA court erroneously dismiss[] Appellant's post[-] conviction relief petition, as untimely filed?

---

[1] Appellant's request was granted by the trial court; however, according to Appellant, he only received one volume of a multiple-volume trial transcript. **See** Appellant's Brief at 8.

- 2 -

> Was [Appellant's] letter to the court where he [] informed the PCRA jurist that he is mental competent of his state of mind [*sic*] to file his PCRA petition under the statutory provision pursuant to § 9545(b)(1)(ii) of Title 42 Pa.C.S. [i]n accord with ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004)[?]

Appellant's Brief at 2 (unnecessary capitalizations removed).

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. 42 Pa.C.S. § 9545. Exceptions exist if the petition alleges, and the petitioner proves, that one of the following exceptions to the time for filing the petition is met:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

Further, for an exception to apply, the claim must be raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(c).

It is clear that Appellant's 2015 petition is facially untimely: his judgment of sentence became final in 2001. However, Appellant alleges that his petition meets a timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), due to mental incompetence, which prohibited him from timely filing a PCRA petition.[2] PCRA Petition, 4/22/2015, at 3.

"[A]ny petition filed pursuant to any of these timeliness exceptions must be filed within 60 days of when the petition could have been presented." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010)(citations removed). "[T]he 60–day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Id.*

The trial court specifically found Appellant failed to establish the reasons for his incompetence or how such incompetence rendered him unable to file a PCRA petition. 907 Notice, 8/24/2015, at 5. Further, the trial court noted that Appellant had yet to establish when he had "regain[ed] sufficient competency to file the present PCRA petition" but found that the

---

[2] In *Commonwealth v. Cruz*, our Supreme Court held that "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory after-discovered evidence exception." 852 A.2d 287, 293 (Pa. 2004).

December 29, 2014 letter sent by Appellant to the court inquiring about filing an ineffective claim "reveal[ed] that he was sufficiently competent and could have filed a PCRA petition … as of December 29, 2014." *Id.* (footnote omitted).[3]

Appellant himself contends that he became competent as of December 29, 2014. *See* Appellant's Brief at 6 ("Appellant asserts his letter constitutes a date certain of the predicate fact that he became [competent] to fall within the purview of *Commonwealth v Cruz*").[4] Appellant filed his petition on April 22, 2015, more than sixty days after he discovered the fact of his incompetence. Thus, the petition was untimely filed.

---

[3] The trial court also found that Appellant had failed to provide any evidence or facts to invoke the timeliness exception based on mental incompetence. We agree. Regardless, because the petition was filed more than sixty days after Appellant allegedly discovered the fact of his incompetence, the result would be the same even if we determined that Appellant did plead sufficient facts.

[4] We note that Appellant's brief is at times contradictory. Appellant acknowledges he became competent as of December 29, 2014, but also states at various points within his brief that he "remains unequipped mentally and otherwise," "remains incompetent mentally," and is "still incurring mental difficulties." Appellant's Brief at 6-7. This Court reads Appellant's statements, in conjunction with his argument that he is entitled to proceed based on a timeliness exception and through the various filings he has initiated with this Court and trial court, as though he is competent to understand the proceedings he has undertaken*.*

Accordingly, because Appellant has failed to establish an exception to the timeliness requirements, we affirm the order of the PCRA court denying Appellant's petition.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016

---

[5] In doing so, we deny Appellant's request within his brief that we remand his case based upon the PCRA court's failure to provide Appellant with a complete set of transcripts to assist Appellant in "effectuating his claims." *See* Appellant's Brief at 8.